# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| Deborah Vaccarella<br><br>Plaintiff,<br><br>v.<br><br>Prime Source Capital Management, LLC<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff is a natural person who resided in Milwaukee, WI at all times relevant to this action.

2. Defendant is a New York limited liability company that maintained its principal place of business in Amherst, NY at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

7. The principal source of Defendant's revenue is debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described below, Defendant contacted Plaintiff about an obligation that Plaintiff allegedly owed to HSBC, which had been incurred for personal rather than commercial purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. As described below, Defendant attempted to collect the debt from Plaintiff, and in so doing, has alleged that Plaintiff owed the debt.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On or around November 19, 2010, Defendant telephoned Plaintiff's father ("Lee") in connection with the collection of the debt and left a voice message.

14. During this communication, Defendant falsely represented to Lee that Defendant was calling to help Plaintiff avoid litigation.

15. At the time of this communication, Defendant did not have Plaintiff's prior consent to contact Lee in connection with the collection of the debt.

16. On or around November 19, 2010, Defendant telephoned Plaintiff's brother-in-law ("Tully") in connection with the collection of the debt and left a voice message.

17. During this communication, Defendant falsely represented to Tully that Plaintiff must return Defendant's telephone call that day to avoid legal proceedings.

18. At the time of this communication, Defendant did not have Plaintiff's prior consent to contact Tully in connection with the collection of the debt.

19. On or around May 19, 2011, Defendant telephoned Plaintiff in connection with the collection of the debt and left a voice message.

20. During this communication, Defendant falsely represented that Defendant was calling regarding a legal matter pending in Milwaukee County listed against Plaintiff's Social Security number.

21. Defendant caused Plaintiff emotional distress.

22. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

23. Defendant violated 15 U.S.C. §1692c(b) by communicating with a third party in connection with the collection of the debt without Plaintiff's consent.

24. In support hereof, Plaintiff incorporates paragraphs 13-18 as if specifically stated herein.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

25. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

26. In support hereof, Plaintiff incorporates paragraphs 13-20 as if specifically stated herein.

## JURY DEMAND

27. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

28. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. For such other legal and/or equitable relief as the Court deems appropriate.

>RESPECTFULLY SUBMITTED,
>
>LEGAL HELPERS, P.C.
>
>By: */s/ Nicholas J. Prola*
>   Nicholas J. Prola
>   233 S. Wacker, Suite 5150
>   Chicago, IL 60606
>   Telephone: 1.866.339.1156
>   npr@legalhelpers.com
>   *Attorneys for Plaintiff*